# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| EDWARD CLARKE, JR., | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| vs. | : | CA 18-0464-CG-C |
| SEDGWICK CLAIMS MANAGEMENT, INC., et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), on the notice of removal (Doc. 1), Plaintiff's motion to remand (Doc. 10), and the Defendant's notice of consent to remand (Doc. 15). Upon consideration of the foregoing pleadings, the Magistrate Judge recommends that the Court **GRANT** Plaintiff's motion to remand (Doc. 10).

## FINDINGS OF FACT

Plaintiff filed his tort of outrage complaint in the Circuit Court of Clarke County, Alabama on October 3, 2018 (Doc. 1, COMPLAINT)[1] and the Defendants removed the action to this Court on October 30, 2018, urging this Court to exercise diversity jurisdiction (Doc. 1). Clarke filed a motion to remand on November 12, 2018, to which

---

[1] Though Plaintiff specifically laid claim to compensatory damages in an amount less than $69,000.00 (Doc. 1, COMPLAINT, at 3), he also made a general demand for punitive damages (*id.*).

was attached his affidavit statement that when he filed his complaint in the Circuit Court of Clarke County, Alabama on October 3, 2018, he intended to limit all of his damages, both compensatory and punitive, to no more than $69,000.00. (Doc. 10, Exhibit B, Affidavit of Edward Clarke, Jr., at ¶ 4; *compare id. with* Doc. 10, at ¶ 7.) Upon receipt of the motion to remand, the Defendants requested leave of Court to conduct limited jurisdictional discovery. (Doc. 11.) The Defendants' motion was granted (Doc. 12) and, following receipt of Plaintiff's responses to their requests for admission (*compare* Doc. 14 *with* Doc. 13), the Defendants filed a notice of consent to remand (Doc. 15), based upon Plaintiff's admissions (*see id.* at 1-2 ("Plaintiff now admits that the total damages sought in this action are less than the sum of $75,000.00, exclusive of interest and costs. [] Plaintiff further admits that he will never request a state court jury to award total damages in any amount in excess of $75,000.00, exclusive of interest and costs. [] Furthermore, Plaintiff admits that in the event a jury in Clarke County awards total damages in excess of $75,000.00, Plaintiff will not accept any amount above $75,000.00, exclusive of interest and costs. [] Finally, Plaintiff admits that he will never amend his Complaint upon remand to the Circuit Court to claim any damages (including punitive damages) in excess of $75,000.00.")).

## **CONCLUSIONS OF LAW**

In general, removal of a case from state court to federal court is proper if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing defendants must bear "the burden of demonstrating federal jurisdiction."

2

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted); *see also Friedman v. New York Life Ins. Co.,* 410 F.3d 1350, 1353 (11th Cir. 2005) ("As this Court noted in *Kirkland v. Midland Mortgage Co.,* 243 F.3d 1277 (11th Cir. 2001), '[i]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.'"); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."). Moreover, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted); *see also Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."), *cert. denied*, 540 U.S. 877, 124 S.Ct. 277, 157 L.Ed.2d 140 (2003); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."); *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

contrary rests upon the party asserting jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted). Indeed, "[b]ecause removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all jurisdictional doubts being resolved in favor of remand to state court." *Brown v. Endo Pharmaceuticals, Inc.*, 38 F.Supp.3d 1312, 1318 (S.D. Ala. 2014) (citation omitted).

Where removal jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332,[2] as here (*see* Doc. 1), the removing parties bear the burden of establishing complete diversity of citizenship, that is, that the plaintiff is diverse from all the defendants, *Triggs, supra*, 154 F.3d at 1287 (citation omitted), and, in addition, must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75,000] jurisdictional requirement."), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.'"); *Federated Mut. Ins. Co. v. McKinnon*

---

[2] Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

4

*Motors, LLC,* 329 F.3d 805, 807 (11th Cir. 2003) ("[W]here jurisdiction is based on a claim for indeterminate damages, . . . the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum.").

Based upon the evidence before this Court, including the Plaintiff's Affidavit statement that when he filed his complaint in the Circuit Court of Clarke County, Alabama on October 3, 2018, he intended to limit all of his damages, both compensatory and punitive, to no more than $69,000.00 (Doc. 10, Exhibit B, at ¶ 4), as well as Plaintiff's further admissions (*see* Doc. 15, Exhibit 1), it is clear that the amount in controversy does not exceed $75,000, exclusive of interest and costs; therefore, this Court lacks subject matter (specifically, diversity) jurisdiction in this matter and Plaintiff's motion to remand (Doc. 10), as consented to by the Defendants (Doc. 15), is due to be granted.

## **CONCLUSION**

Based upon the foregoing, it is now clear that the complaint filed by Edward Clarke, Jr. in the Circuit Court of Clarke County, Alabama contains no grounds upon which this Court might exercise subject-matter jurisdiction and, therefore, is it **RECOMMENDED** that Plaintiff's motion to remand (Doc. 10) be **GRANTED** and that this cause be remanded to the Circuit Court of Clarke County, Alabama from whence it came.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

5

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 29th day of November, 2018.

     s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**